cc: JMS
ORIGINAL
FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JAN 04 2010
at __ o'clock and __ min. __ M.
SUE BEITIA, CLERK

Richard T. Pafundi, Esq. #2865
1288 Ala Moana Blvd., 6D
Honolulu, Hawaii 96814
PH  : 808-591-0250
FAX : 808-591-1640
Email: Pafundi808@msn.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| JOHN HAYS, | CIVIL NO. CV10 00004 JMS KSC |
| Plaintiff, | EMPLOYMENT DISCRIMINATION COMPLAINT; EXHIBIT 'A'; SUMMONS |
| VS. | |
| HAWAI'I PACIFIC UNIVERSITY, LINDA KAWAMURA, CHATT WRIGHT, JOHN DOES 1-5, JANE DOES 1-5, DOE CORPORATIONS AND INSTITUTIONS 1-5, DOE GOVERNMENTAL ENTITIES 1-5. | |
| Defendants. | |

EMPLOYMENT DISCRIMINATION COMPLAINT

COMES NOW, JOHN T. HAYS, plaintiff, through counsel,

Richard T. Pafundi, Esq., and hereby avers as follows:

COUNT I:

1. JOHN T. HAYS, designated as "Plaintiff"

1

hereafter, resides in Honolulu, Hawaii, and did so reside in this jurisdiction at the time the cause of action accrued.

2. Defendant HAWAI'I PACIFIC UNIVERSITY, is an educational institution engaged in undergraduate and post-graduate college level instruction in a wide variety of fields and is licensed to issue Bachelor of Science and Arts and Master of Business Administration degrees, <u>inter alia</u>, and is doing business in the State of Hawaii.

3. At all relevant times herein Defendant LINDA KAWAMURA was employed by Hawai'i Pacific University as the Director of Human Resources. Defendant CHATT WRIGHT, at all relevant times herein was President of Hawai'i Pacific University.

4. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination and/or pursuant to the Americans With Disabilities Act. Jurisdiction is conferred on this

Court by 42 U.S.C. Section 2000e-5. Equitable and other relief is sought under 42 U.S.C. 2000e-5(g).

5. The acts complained of in this suit concern employment discrimination as will be more fully described hereafter.

6. Plaintiff filed charges with the Federal Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct and was provided with a Notice of Right To Sue document, which was mailed to plaintiff on Oct. 7, 2009. Said document is attached hereto as Exhibit A.

7. The Americans With Disabilities Act prohibits employers from discriminating against employees with disabilities in all aspects of employment including hiring, pay, promotion, firing, and more. It also protects employees from retaliation when they enforce their rights under the law. The ADA applies to private employers with 15 or more employees. Defendants' conduct is proscribed by the Americans With

3

Disabilities Act given that the institution employs far in excess of 15 persons.

8. Defendants, subject to "ADA" cannot discriminate against a "qualified worker with a disability." Furthermore, the employer must provide a reasonable accommodation for a worker with a disability as long as the accommodation won't cause the employer undue hardship. Disability is defined as a mental or physical impairment that substantially limits a major life activity. A qualified worker with a disability is someone capable of performing the essential duties of the job, with or without a reasonable accommodation by the employer.

9. Plaintiff was, and is, a qualified worker/employee. Plaintiff is and was disabled due to his blindness. Defendants failed to provide a reasonable accommodation. The accommodation available would not have caused defendants an undue hardship. Defendants failed to adjust and/or to modify workplace

conditions which would have allowed for plaintiff to do his job. Defendants knew of the need for accommodation and defendants failed to meet that need.

10. Specifically, inter alia, Plaintiff John T. Hays, at all relevant times herein, was an undergraduate and post graduate instructor at Hawaii Pacific University. Plaintiff suffers from a number of visual disabilities. Mark Tafoya, M.D. described to defendants, in detail, what those disabilities were and are. Dr. Mark Tafoya performed surgery on plaintiff's eyes a number of times. In the period from November, 2008 to the present Dr. Tafoya was asked by the Defendants for help in determining whether or not there was an accommodation which could be offered to Plaintiff to allow him to continue to teach. Dr. Tafoya provided a recommendation and the recommendation was clear.

11. Defendant Linda Kawamura, in her correspondence dated June 26, 2009 to Mr. Hayes quoted

the doctor as recommending "a magnifier and computer software that will enlarge the print...". Plaintiff had researched a number of magnifiers, including the ONYX and the Zoom-Twix. Plaintiff researched and tested these with software including ZoomText and MAGic.

12. Linda Kawamura in her June 26, 2009 correspondence to Plaintiff also stated "based on Dr. Tafoya's recommendation, the following accommodation has been approved for you: ZoomText Magnifier/Reader. Please purchase the software through Next Level Assistive Technology and have them invoice Hawai'i Pacific University. We will continue to evaluate whether any further accommodations is necessary in order to assist you in performing the essential functions of your job either at this time or as your condition may change over time."

13. Plaintiff ordered the hardware and software from Next Level Assistive Technology. Zoom-Twix cost $3,495.00. MAGic Professional with/speech (Replaces

Zoom-Text) cost $595.00. Shipping UPS the next day cost $125.00. The total cost was $4,215.00 and was billed to defendant HAWAI'I PACIFIC UNIVERSITY. The supplier was able to get the hardware and software to plaintiff before his classes were to begin on July 6, 2009.

14. Upon receiving an invoice from the supplier, Defendant Linda Kawamura sent a letter dated August 3, 2009 to Next Level Assistive Technology stating that they would only pay $595.00 for the ZoomText Magnifier/Reader. Defendants also only wanted to pay for shipping of the software, and not the hardware. The reason given was that Defendants claimed Plaintiff "was only authorized to purchase the Zoom Text Magnifier/Reader."

15. Plaintiff and Dr. Tafoya discovered that defendants would only pay for the software and not the magnifier/hardware. Dr. Tafoya then corresponded to Linda Kawamura on August 28, 2009. Your letter of June 26th seemed to authorize exactly what I had

recommended."

16. Dr. Tafoya's August 28, 2009 correspondence to Linda Kawamura, Director of Human Resources continued, as follows:

Although he received your [June 26] letter on July 2, 2009, the supplier was able to get him the equipment, and he installed it prior to his next course which began on July 6th. Mr. Hays contacted me after receiving your letter and installing the equipment. He was delighted, as I had been very clear in stating to him that he could not continue to do the amount of reading required for teaching without accommodation, and the accommodation you approved was precisely that which was required. I was happy for him, as this allowed him to continue in a successful teaching career, which is clearly an asset for HPU and fulfilling to Mr Hays. More recently, I have been advised by Mr. Hays that you have interpreted my

8

recommendation to mean *the software only,* and have refused to pay the supplier's invoice. I would urge you to reconsider, as it is the magnifier hardware which allows Mr. Hays to input hard copy (textbooks, research publications, and virtually any other materials which are not found on the internet, or are not already on his computer). Your interpretation is ill advised. The software alone is <u>not</u> an effective accommodation. I would urge you to reaffirm your letter of supporting my recommendation. Thank you in advance for your reconsideration of this matter."

17. In September 9, 2009 correspondence from the State of Hawaii, Department of Human Services, Vocational Rehabilitation and Services for the Blind, addressed to Defendants, the vocational rehabilitation specialist accused defendants of taking his June 16, 2009 letter to Defendants "out of context." He advised the defendants that it was the employers responsibility

recommendation to mean *the software only,* and have refused to pay the supplier's invoice. I would urge you to reconsider, as it is the magnifier hardware which allows Mr. Hays to input hard copy (textbooks, research publications, and virtually any other materials which are not found on the internet, or are not already on his computer). Your interpretation is ill advised. The software alone is <u>not</u> an effective accommodation. I would urge you to reaffirm your letter of supporting my recommendation. Thank you in advance for your reconsideration of this matter."

17. In September 9, 2009 correspondence from the State of Hawaii, Department of Human Services, Vocational Rehabilitation and Services for the Blind, addressed to Defendants, the vocational rehabilitation specialist accused defendants of taking his June 16, 2009 letter to Defendants "out of context." He advised the defendants that it was the employers responsibility

after reasonable accommodations are provided, to determine whether or not Mr. Hays is carrying out the essential functions of his employment. I cannot express this any more clearly than to say that it is difficult for the employer to determine whether or not Mr. Hays can do the essential functions of his job if reasonable accommodations are not provided adequately. Prematurely evaluating him without reasonable accommodations would set him up for failure or termination, or as you have done in the past, simply not scheduling him for classes, while advertising for a person of his exact qualifications... I request that you consider all of the information that has been provided... Mr. Hays has been an outstanding teacher at your institution and simply wants to return to work. At the time of his EEOC claim, he was teaching two online classes and two classroom classes, so please make this happen."

   18. Plaintiff's first request for accommodations

was in November, 2008. By that time, the January through March, 2009 semester four classes had already been assigned to plaintiff. For the April through June, 2009 semester, however, plaintiff was assigned no classes. Three class assignments had been scheduled for by Defendants for Plaintiff prior to the July-Sept. 2009 term. By the time the term began, however, Plaintiff was hired to instruct only one class. Plaintiff's last paycheck from Defendants was for 0 dollars, and Plaintiff was advised by Defendants that this was either a "mistake" or an "adjustment." Plaintiff did not receive the last of scheduled six payments for that semester, and no further explanation was given.

19. Plaintiff was not hired to teach any classes for the October through December 2009 term at Hawai'i Pacific University or subsequently thereafter.

20. Defendant CHATT WRIGHT, as President of

Hawai'i Pacific University during all relevant periods herein was aware, and had full knowledge of the above-referenced facts, and has taken no action to rectify Defendant Hawai'i Pacific University's afore-mentioned illegal conduct, and has ignored Plaintiff's pleas for help.

 21. As a result of the aforementioned conduct of defendants, plaintiff has lost wages, lost employment, lost enjoyment of life, and has suffered emotional distress as will be proved and determined at trial. Plaintiff will seek special and general damages.

COUNT II(PUNITIVE DAMAGES):

 22. Paragraphs 1 through 21 are incorporated herein as if once again specifically averred.

 23. Plaintiff is entitled to punitive damages being awarded at trial. Defendants' conduct harmed the plaintiff and was malicious, oppressive, or in reckless disregard of the plaintiff's rights. The Ninth Circuit

Model Civil Jury Instructions 5.5, is incorporated herein and which reads in part as follows: "Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of perceived risk that its actions will violate plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of plaintiff with unnecessary harshness or severity, such as the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff."

   WHEREFORE, Plaintiff prays for Judgment against Defendant(s) jointly or severally, as follows:

1. General damages according to proof;

2. Special damages in amounts which will be proved at trial;

3. Punitive damages according to proof;

4. Attorney's fees, costs of suit; and prejudgment interest from the date of the incident complained of herein, and such other and further relief as this Court deems is just and proper.

DATED: HONOLULU, HAWAII, _____1.04.10_____

_____
RICHARD T. PAFUNDI, ESQ.
Attorney for Plaintiff